## St. L., A. & T. Ry. v. State.

1. OBSTRUCTION OF HIGHWAYS: *By railroads: Statutes punishing, etc.*

The act of March 18, 1887, providing for the recovery by civil proceeding of a penalty against railroad companies for failing to construct or keep in repair railway crossings, does not repeal section 1865 of Mansfield's Digest which makes it a misdemeanor, punishable by indictment, for any person to obstruct a highway by felling a tree across the same, or placing any other obstruction thereon. And under the latter statute a railway corporation may be indicted for building an embankment across a public highway and failing to keep the same in good condition and repair.

2. SAME: *Same: Indictment.*

An indictment against a railway corporation which alleges that the defendant on, etc., in, etc., "did unlawfully," etc., "obstruct a public road in the City of Camden, Arkansas, where said railroad crosses the road leading from the City of Camden to Bradley's Ferry, known as the Bradley Ferry road, by building an embankment across said road and failing to keep the same in good condition," etc., charges a misdemeanor under section 1865 Mansfield's Digest, and sufficiently describes the road obstructed.

APPEAL from *Ouachita* Circuit Court.

CHAS. W. SMITH, Judge.

The appellant was indicted for obstructing a public road at a point where its railway intersected the same by building across such road an embankment, and failing to keep the same in repair, etc. A demurrer to the indictment and a motion to dismiss it were both overruled, and on a trial the defendant company was convicted, and its fine assessed at $10. A new trial was refused, and the company appealed.

Section 1865 of Mansfield's Digest is as follows: "If any person shall obstruct any public road by felling any tree or trees across the same, or placing any other obstruction therein, he shall be guilty of a misdemeanor, and liable to indictment in the Circuit Court of the proper county, and, on conviction thereof, be fined in any sum not exceeding fifty dollars, and shall forfeit two dollars for every day he shall suffer such obstruction to remain after he shall have been notified to remove the same by the overseer. *Provided,* This

shall not extend to any person who may cut down any timber for rails, wood or other lawful purpose, who shall immediately remove the same out of the road, or to any person who shall dig a ditch or drain across such road on his own lands, and who keeps the same in repair."

The act of March 18, 1887, entitled "An act to prevent the obstruction of roads and highways by railroads," provides "that wherever any railroad corporation has constructed, or shall hereafter construct, a railroad across any public road now established, or which may hereafter be established, such corporation shall so construct or alter the same that the approaches to such railroad shall be at no greater elevation or depression than one perpendicular foot for every five feet of horizontal distance, if such elevation or depression be caused by the construction of such railroad, but if at any such crossing there is a cut of sufficient depth the same may be crossed by a bridge to be maintained in good repair by the company. If such crossings are not so constructed and maintained, it is the duty of the overseer of such public road to serve the section foreman of that part of the railroad, or the nearest station agent, with a copy of a notice warning him that such crossing is not constructed or maintained as required by law, and to comply therewith within sixty days from the service thereof, and to file the original of such notice, with his return showing the service thereof, in the office of the Clerk of the County Court, who shall notify the Prosecuting Attorney of the filing of the same, and the Prosecuting Attorney shall thereupon institute suit against said company. And further provides that for refusing or neglecting to comply with its provisions, such company shall forfeit and pay to the county in which such crossing is located a sum of not less than one hundred nor more than two thousand dollars, and five dollars per day for every day such refusal or neglect shall continue after the expiration of the sixty days' notice."

The indictment accuses the "defendant, St. Louis, Arkansas and Texas Railway Company," of the crime of obstructing a public road, committed as follows:   That " the said defendant on the first day of May, 1888, in Ouachita County, Arkansas, did unlawfully on said day, and on divers other days and times continually for four weeks, obstruct a public road in the City of Camden, Arkansas, where the railroad crosses the road leading from the City of Camden to Bradley's Ferry, known as the Bradley Ferry road, by building an embankment across said road and failing to keep same in good condition, and suffering same to remain after he had been notified by B. F. Sale, Marshal of said town, against the peace and dignity of the State of Arkansas.

"H. P. S.,<br>
" Prosecuting Attorney, etc."

On the trial evidence was introduced " tending to prove that the defendant, about the year 1882, obstructed a public road in the City of Camden, Arkansas, where the track of said railway crosses the road leading from the City of Camden to Bradley's Ferry—known as Bradley's Ferry road—the entire length of said road being within the corporate limits of the City of Camden, by building an embankment across said road, and that said defendant, within twelve months next before the filing of the indictment herein, for a period of four weeks failed to keep the crossing in good condition and repair, and that said defendant is a railroad corporation, duly organized under the laws of the State of Arkansas."

*Montgomery & Moore*, for appellant.

1. The building an embankment for a railroad is not an obstruction as contemplated in sec. 1865 Mansf. Dig., and the words " placing any other obstruction therein," do not embrace an embankment by a railroad. *7 B. & C., 96; 8 Q. B., 452; 1 Cromp., M. & R., 422; Pars. Cont. (5th ed.), Vol. 2, p. 502, and 758, note P; 49 Mo. 559; Sedg. St. and Const. Law, 428; 44 Mo., 444.*

St. L., A. & T. Ry. v. State.

2.   The act of 1887 repeals sec. 1865 Mansf. Dig.

3.   The indictment not good under act of 1887, because by that act the defendant is not criminally liable, but must be proceeded against, by civil action.   *Acts 1887, p. 98; Kent's Com. (7th ed.), Vol. 1, p. 518, note A; 6 Humph. (Tenn.), 17.*

*W. E. Atkinson,* Attorney General, for appellee.

The offense charged in the indictment in this case of obstructing a public highway, by failing to keep it in repair at its crossing by a railroad company, is indictable under the statute or at common law, at the election of the State.   *Bish. St. Cr., section 164; Bish. Cr. Pro., sections 599 and 601,* and authorities below.

When a railroad company lays its track across a public highway and fails to keep crossings in good repair, it is indictable and punishable by law therefor.   *Paducah & Elizabethtown R. R. Co. v. People, 10 Am. & Eng. R. R. Cas., 318 (Ky. case); Pittsburg, Va. & Ch. R. R. Co. v. Com., ib. 321; People v. R. R. Co., 74 N. Y., 302; Com. v. Pa. R. R. Co., 12 Atlantic Rep., 38.*

The description of the obstructed road is sufficient.   *Patton v. State, 50 Ark., 53.*

The new statutory remedy is cumulative, and does not supercede the common law remedies.   *Turnpike v. People, 9 Barb., 161; State v. Virt, 3 Ind., 447; People v. R. R. Co., 74 N. Y., 302; (supra) Bist. St. Cr., section 164; Howard v. State, 47 Ark., 435.*

OBSTRUC-
TION OF
HIGH-
WAYS:
By rail-
roads.

PER CURIAM.   The act of March 18, 1887, provides a cumulative remedy, and does not repeal sec. 1865, Mansfield's Digest.

The indictment is good under the latter act.

The remedy by indictment is appropriate.   *Texas & St. L, Ry. v. State, 41 Ark., 488; People v. N. Y. C. & H. R. R. Co. 74 New York, 302.*

Affirmed.